IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE  DISTRICT COUNCIL NO. 14 METAL POLISHERS 401(k) RETIREMENT PLAN FUND; and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No.     15 CV 8355 |
| v. | ) ) | Judge |
| ACE METAL REFINISHERS, INC., an Illinois corporation; and STACEY B. EARNEST, Individually, | ) ) ) | Magistrate Judge |
| Defendants. | ) ) | |

**COMPLAINT**

Plaintiffs, by and through their attorneys, DONALD D. SCHWARTZ, JAMES R. ANDERSON, GRANT R. PIECHOCINSKI,  and ARNOLD AND KADJAN, complain against the Defendants, ACE METAL REFINISHERS, INC., and STACEY B. EARNEST, Individually, as follows:

**COUNT I**

1.      This court has subject matter jurisdiction and pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. Section 185(a), and Section 502 of the Employee Retirement Security Act of 1974, as amended, 29 U.S.C. Section 1132 (e)(1), 1145 and 28 U.S.C. Section 1331.

2.      The Northern District of Illinois is the proper venue  pursuant to 29 U.S.C. Section  1132(e) as the Plaintiffs' Fund is administered in this judicial district.

1

3.      The Plaintiffs are the Trustees of the District Council No. 14 Metal Polishers 401(k) Retirement Plan Fund ("Retirement Fund") and have standing to sue pursuant to 29 U.S.C. Section 1132 (d)(1).

4.      The Retirement Fund is an employee retirement plan fund in that it was established by Agreements previously entered into between Painters' District Council No. 14 (the "Union") and certain employers in the Chicago Metal Contractors Bargaining Association for the purpose of providing retirement benefits to employees.

5.      The Retirement Fund is maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provision of the Collective Bargaining Agreement and Declaration of Trust ("Trust Agreement") which established the Retirement Fund.

6.      Ace Metal Refinishers , Inc. ("Ace Metal") at all pertinent times herein, has been a party to the collective bargaining agreement "Labor Agreement") between The Chicago Metal Contractors Bargaining Association and  the Union.

7.      Pursuant to the provisions of the Labor Agreement, Ace Metal has been required to make periodic contributions to the Retirement Plan Fund for its employees in accordance with the provisions of the Trust Agreement establishing that Fund.

8.      Under the terms of the Labor Agreement and Trust Agreement to which it is bound, Ace Metal  is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not is in compliance with its obligation to contribute to the Retirement Fund.  In addition, the Labor Agreement and the Trust Agreement require Ace

2

Metal to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

9.      Ace Metal has breached the provisions of the Collective Bargaining Agreement and  Trust Agreement by failing to submit all of the required contributions to the Retirement Fund for various work months during the period from January, 2014 through the present.  A fringe benefit fund contribution compliance audit is necessary to determine the extent of Ace Metal's liability to the Fund.

10.     Pursuant to the provisions of the Labor Agreement and Trust Agreement and/or ERISA, Ace Metal is required to pay liquidated damages, auditor fees, interest and all attorneys' fees and court costs incurred in the collection process.

11.     Ace Metal is obligated to pay the attorney's fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreement, and 29 U.S.C. Section 1132 (g)(D).

12.     Pursuant to 29 U.S.C. 1132 (g)(2)( c ), Plaintiffs are entitled to an amount equal to the greater of:

    (i)     interest on the unpaid contributions; or

    (ii)    damages provided for under the Trust Agreement not in excess of twenty
            percent of the amount that is due.

### Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A.      That Ace Metal be ordered to produce books and records for a fringe benefit fund contribution compliance audit  for the period from January 1, 2014 through the present;

3

B.      That judgment be entered in favor of Plaintiffs and against the Defendant Ace Metal in the amount shown to be due on the reports, and the audit;

C.      That Plaintiffs be awarded their costs herein, including interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages and/or interest, and reasonable attorneys' fees and costs, all as provided by 29 U.S.C. Section 1132(g)(2)(D); and

D.      That this Court grant such other and further relief as may be appropriate under the circumstances.

## COUNT II

1-8.    Plaintiffs reallege paragraphs 1 through 8 of Count I as and for paragraphs 1 through 8 of this Count II.  Jurisdiction is also founded under this Court's supplemental jurisdiction, 28 U.S.C. Section 1367.  Venue is also proper in this judicial district as it is the district in which both Ace Metal and Defendant Stacey Earnest reside.

9.      Defendant Stacey B. Earnest ("Earnest") is an individual who resides in this judicial district.   At all pertinent times herein, Earnest has been an office of Ace Metal with authority to executed agreements on behalf of Ace Metal..

10.                      On or about July 6, 2015, Ace and its officer, Stacey B. Earnest, as a co-maker, executed an installment note to pay fringe benefit fund contributions and other charges due and owing under ERISA.  A copy of the note is attached as Exhibit 1.

11.     On or about September 2, 2015, Ace and Stacey Earnest defaulted on the payment plan by failing to make  the installment note payment that was due on September 1, 2015.

12.     Upon default, the balance of principal plus all accrued interest  becomes

4

immediately due and owing.

13.     At least $22,525.83   is the unpaid balance of principal which remains due on the note.

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

A.     Enter judgment in favor of Plaintiffs and against the Defendants, Ace Metal Refinishers and Stacey B. Earnest, jointly and severally, in the amount of $22,525.83; plus interest at the rate of eighteen percent per annum, until paid, and

B.     Award Plaintiffs their reasonable attorneys' fees and costs all as provided by the Labor Agreement, the Trust Agreements, the Note, and ERISA; and

C.     Award such other and further relief as the Court may deem appropriate under the circumstances..

## COUNT III

### Jurisdiction and Venue

1-2.     Plaintiffs reallege paragraphs 1 through 2 of Count I as and for paragraphs 1 through 2 of this Count III.  This court also has jurisdiction under federal common law.

### The Parties

3.     The Plaintiffs in this Count II are the Trustees of the Chicago Painters and Decorators Welfare Fund, ("Welfare Fund"), and they have standing to sue pursuant to 29 U.S.C. Section 1132 (d)(1).

4.     The Welfare  Fund is an employee benefit  fund in that it was established by Agreements previously entered into between Painters' District Council No. 14 (the "Union") and certain employers for the purpose of providing benefits to employees.

5.     The Welfare  Fund is maintained and administered in accordance with and

5

pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq.,

and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant

to the terms and provision of the Collective Bargaining Agreement and Declaration of Trust

("Trust Agreement") which established the Welfare Fund.

6.    Ace Metal Refinishers, Inc. ("Ace Metal"), at all pertinent times herein, has been

a party to the collective bargaining agreements ("Labor Agreement") between The Chicago

Metal  Contractors Bargaining Association and the Union.

7.    Pursuant to the provisions of the Labor Agreement, Ace Metal is bound to the

Trust  Agreement and is required to make periodic contributions to the Welfare Fund  Fund for

his employees.  Those contributions which are not paid on time are assessed liquidated damages.

8.    Under the terms of the Labor Agreement and Trust Agreement to which it is

bound, Ace Metal is required to submit all necessary books and records to Plaintiffs' auditor for

the purpose of determining whether or not is in compliance with its obligation to contribute to

the Welfare  Fund.  In addition, the Labor Agreement and the Trust Agreement require Ace

Metal to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by

the Funds in the collection process.

9.    Ace Metal has breached the provisions of the Collective Bargaining Agreement

by failing to pay all of the required contributions owed on an audit of the Welfare Fund for the

period from August 1, 2011 through March 31, 2013, in an amount not presently precisely

ascertainable, but which, on information and belief, is at least $9,931.60. Ace Metal has also

breached the provisions of the Collective Bargaining Agreement and Trust Agreement by failing

to pay all of the liquidated damages which it owes upon  contribution reports which have been

paid, but which were not paid by Ace in accordance with the provisions of the Collective

Bargaining Agreement and Trust Agreement.

10.             Ace Metal has also breached the provisions of the Collective Bargaining

Agreement and Trust Agreement by failing to make all of the required contributions for some

work months from the period from April 1, 2013 through the present.

11-13. Plaintiffs reallege paragraphs 10 through 12 of Count I as and for paragraphs 11

through 13 of this Count II.

WHEREFORE, Plaintiffs pray for relief as follows:

A.      That Ace Metal be ordered to produce reports, contributions, and produce its

records for a fringe benefit fund contribution compliance audit for the period from April 1, 2013

through the present;

B.      That judgment be entered in favor of Plaintiffs and against Ace Metal for the

amounts shown to be due for for the audit for the period from August 1, 2011 through March 31,

2013; and for the amounts shown to be due for an audit for the period from April 1, 2013 through

the present, and for any and all unpaid liquidated damages which are owed by Ace Metal to the

Funds;

C.      That Plaintiffs be awarded their costs herein, including interest, reasonable

attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated

damages and/or interest, and reasonable attorneys' fees and costs, all as provided by 29 U.S.C.

Section 1132(g)(2)(D); and

D.      That this Court grant such other and further relief as may be appropriate under the

circumstances.

**COUNT IV**

1-8.    Plaintiffs reallege paragraphs 1 through 8 of Count I as and for paragraphs 1 through 8 of this Count IV.  Jurisdiction is also founded under this Court's supplemental jurisdiction, 28 U.S.C. Section 1367.  Venue is also proper in this judicial district as it is the judicial district in which the Defendants reside.

9.    On or about August 15, 2013, Ace and its officer, Defendant Stacey B. Earnest, as a co- maker, executed an installment note to pay fringe benefit fund contributions and other charges due and owing under ERISA.  A copy of the note is attached as Exhibit 2.

10    .On or about September 16, 2015, Ace and Stacey Earnest defaulted on the payment plan by failing to make the installment note payment that was due on September 15, 2015.

11.    Upon default, the balance of principal plus all accrued interest  becomes immediately due and owing.

12.    At least $42,724.79   is the unpaid balance of principal which remains due on the note.

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

A.    Enter judgment in favor of Plaintiffs and against the Defendants, Ace Metal Refinishers and Stacey B. Earnest, jointly and severally, in the amount of $42,724.79; plus interest at the rate of eighteen percent per annum, until paid, and

B.    Award Plaintiffs their reasonable attorneys' fees and costs all as provided by the Labor Agreement, the Trust Agreements, the Note, and ERISA; and

C.    Award such other and further relief as the Court may deem appropriate under the circumstances.

.

Respectfully submitted,

TRUSTEES OF THE DISTRICT COUNCIL NO. 14
METAL POLISHERS 401 (k) RETIREMENT PLAN
FUND, et al,

By:    <u>S/James R. Anderson</u>
One of Plaintiffs' attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
GRANT R. PIECHOCINSKI
ARNOLD AND KADJAN
203 North LaSalle Street, Suite 1650
Chicago, IL 60601
(312)236-0415

9

EXHIBIT 1

## INSTALLMENT NOTE

<u>($29,826.80)</u>                                                      <u>July 6, 2015</u>

For Value Received, the undersigned promises to pay to the order of **DC 14 Metal Polishers 401(k) Retirement Plan Fund** the principal sum of <u>Twenty- Eight Thousand Eight Hundred Seventy-Nine and 18/100 Dollars and ($28,879.18)</u> Dollars, payable in installments as follows: <u>Three Thousand  and 00/100 ($3,000.000),</u> on the 6th day of July, 2015; and
<u>Three Thousand Three Hundred Fifty-Three and 35/100  Dollars $3,353.35)</u> on the 1st day of each  month beginning on the <u>1st  day of August,  2015; Three Thousand Three  Hundred  Fifty-Three  and  35/100 ($3,353.35) for  6   months</u> succeeding; and a final payment of____ <u>Three  Thousand  Three  Hundred  Fifty-Three  and  35/100  Dollars ($3,353.35)</u> on the 1st  day of <u>March, 2016,</u> with interest on the balance of principal remaining from time to time unpaid at the rate of **10%** per annum, payable on the due dates for installments of principal as aforesaid.

All payments on account of the indebtedness represented by this Note shall be applied first to accrued and unpaid interest and the remainder to principal.  Any installments of principal not paid when due shall bear interest after maturity at the rate of 18% per annum.  Payments of both principal and interest shall be delivered to  Arnold and Kadjan, 203 N. LaSalle Street,  Suite 1650, Chicago, Illinois  60601 or such other place as the legal holder hereof may from time to time in writing appoint.

At the election of the payee or legal holder hereof and without notice, the principal sum remaining unpaid hereon, together with accrued interest thereon, shall become at once due and payable at the place of payment aforesaid in case of default in the payment, when due, of any installment or principal or interest, or any portion thereof, in accordance with the terms hereof.  **Any failure to pay current fringe benefits as they become due shall constitute a default of this Note.**  In the event of default, the payee or legal holder hereof shall be entitled to reasonable costs of collection, including reasonable attorney's fees.

The undersigned hereby authorizes, irrevocably, any attorney of any Court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for such amount as may appear to be unpaid thereon, together with reasonable costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.  If this Note is signed by more than one person, the obligations and authorizations hereunder shall be joint and several.  All parties hereto severally waive presentment for payment, notice of dishonor and protest.

The makers of this Note acknowledge the above indebtedness represents fringe benefit contributions and other costs and charges due and owing pursuant to applicable provisions of the Employee Retirement Income Security Act, 29 U.S.C. 1145.

For:   January, 2015 through June, 2015 reports and penalties, excluding loan payments for employees, already made

_____            _____
Ace Metal Refinishers, Inc.                            Stacey B. Earnest, Individually
by Stacey B. Earnest, Treasurer and Chief Executive Officer
5500-00001, 978 DuPage Road, Lombard, IL 60148, (630)778-9200.

## INSTALLMENT NOTE

($170,863.36)                                                   August 15      , 2013

For Value Received, the undersigned promises to pay to the order of **Chicago Painters and Decorators Fringe Benefit Funds** the principal sum of    One Hundred Fifty Four Thousand Four Hundred Fifteen  Dollars and 27/100 ($154,415.27) Dollars, payable in installments as follows:

Seven  Dollars and 00/100 ($7,000.00) on the 15th day of each  month beginning on the 15th day of August , 2013; Four Thousand Five Hundred Fifty One Dollars and 76/100 ($4,551.76) on the 15th of each month beginning on the 15th  day of September, 2013; and on the 15th  of each  month for 34 months  succeeding; and a final payment of   Four Thousand Five Hundred Fifty-One  Dollars and 56/100  ($4,551.76) on the 15th day of August, 2016, with interest on the balance of principal remaining from time to time unpaid at the rate of 7% per annum, payable on the due dates for installments of principal as aforesaid.

All payments on account of the indebtedness represented by this Note shall be applied first to accrued and unpaid interest and the remainder to principal.  Any installments of principal not paid when due shall bear interest after maturity at the rate of 18% per annum.  Payments of both principal and interest shall be delivered to  Arnold and Kadjan, 203 N. LaSalle Street,  Suite 1650, Chicago, Illinois  60601 or such other place as the legal holder hereof may from time to time in writing appoint.

At the election of the payee or legal holder hereof and without notice, the principal sum remaining unpaid hereon, together with accrued interest thereon, shall become at once due and payable at the place of payment aforesaid in case of default in the payment, when due, of any installment or principal or interest, or any portion thereof, in accordance with the terms hereof.  **Any failure to pay current fringe benefits as they become due shall constitute a default of this Note.**  In the event of default, the payee or legal holder hereof shall be entitled to reasonable costs of collection, including reasonable attorney's fees.

The undersigned hereby authorizes, irrevocably, any attorney of any Court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for such amount as may appear to be unpaid thereon, together with reasonable costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.  If this Note is signed by more than one person, the obligations and authorizations hereunder shall be joint and several.  All parties hereto severally waive presentment for payment, notice of dishonor and protest.

The makers of this Note acknowledge the above indebtedness represents fringe benefit contributions and other costs and charges due and owing pursuant to applicable provisions of the Employee Retirement Income Security Act, 29 U.S.C. 1145.

For:    8/11-05/13 discrepancies and lds

Ace Metal Refinishers, Inc.

Ace Metal Refinishers, Inc. As Agent
by Stacey B. Earnest, Treasurer

/Stacey B. Earnest, Individually

5048-202, 1855 High Grove Lane, Naperville, IL 60540, (630)778-9200.

EXHIBIT 2

.